## DANIEL COLE *v.* OGLESBY & GRISWOLD.

The plaintiff had stored his cotton in defendant's warehouse and taken a receipt, in the margin of which were inserted the words "Fire-proof Warehouse." The same words were inserted at the head of their advertisements in the papers. *Held :* that the words so inserted formed no part of the contract, and that without proof of the plaintiff having been deceived thereby, or of fraud, or an attempt to deceive, the defendants could not be rendered liable for the loss of the cotton by fire.

APPEAL from the District Court of the parish of Caddo, *Egan, J.*

*Hodge & Austin,* for plaintiff and appellant. *Crain & Nutt,* for defendant.

COLE, J. This suit is instituted to recover of defendants the value of seventy-five bales of cotton, alleged to have been stored with them as warehousemen by plaintiff, in October and November, 1853, in the city of Shreveport, and which was destroyed by fire in their warehouse.

It appears that the warehouse in which the cotton was consumed, was not fire-proof; and plaintiff seeks to hold defendants liable, on account of the insertion of " fire-proof warehouse " in their receipts for the cotton and in their advertisements

in the newspapers. Plaintiff alleges that defendants induced him to store his cotton in their warehouse by representing it, by these advertisements and receipts, to be fire-proof.

The defendants deny any express or implied contract with the plaintiff beyond the *quasi* contract implied by the law of bailment.

This case was tried twice; the first jury could not agree, the second rendered a verdict for defendants, and plaintiff has appealed.

The first question that arises is, whether the insertion of " fire-proof warehouse " in the margin of the warehouse receipt and at the head of their advertisements in the papers would be alone sufficient to create a contract between plaintiff and defendants, by which the latter would be bound to store the cotton of the plaintiff in a fire-proof warehouse, or suffer, in the event of the destruction of the cotton, the consequences of a breach of contract.

The receipts are in this form :

" No. 71.   OGLESBY & GRISWOLD'S FIRE-PROOF WAREHOUSE.

" Received, Shreveport, La., October 21, 1853, of *D. Cole*, five bales of cotton on storage, subject to order or shipment.

Marks, ' D. COLE.'                        OGLESBY & GRISWOLD."

The advertisement was as follows :

" FIRE-PROOF WAREHOUSE."

" *Oglesby & Griswold* are now ready to receive cotton and all description of goods on storage, and would respectively solicit a share of public patronage."

The insertion of the words " fire-proof warehouse " at the head of the cotton receipts and advertisements, did not constitute any part of the contract between plaintiff and defendants, so far as it is only proved by this species of evidence.

It is usual to put in the caption of receipts and advertisements words either to designate the building where business is conducted, or to attract attention ; sometimes pictures are placed on the margin of receipts and advertisements.

The objects of such words and pictures are well understood by the public, and they deceive none but those not versed in the ways of the world : they are not viewed by the public as constituting a part of the contract between the advertiser and the one that gives the receipt, and those that deal with them.

Although the insertion of " fire-proof warehouse " in receipts and advertisements would not alone suffice to be the basis of a contract between the parties to this suit, yet if defendants had made use of these words in his receipts and advertisements in bad faith, and had sought with them to create an impression in the mind of plaintiff, that his warehouse was fire-proof, and had used means other than the mere advertisement and receipt to impress plaintiff with this belief, then they might, under certain circumstances, be liable to compensate plaintiff for loss that he might have suffered on account of the warehouse not being fire-proof.

In the case at bar there is no evidence of such an attempt on the part of defendants, except the testimony of one witness, whose character has been impeached.

Besides, it does not appear that plaintiff was induced to store cotton with defendants on account of believing that their warehouse was fire-proof.

There was no advertisement in the years 1852 and 1853, and there is no proof in the record, either that plaintiff ever subscribed to the papers in which the advertisements appeared, or ever saw the advertisement.

Plaintiff must have been acquainted with the town of Shreveport, and must have known the nature of the warehouses of defendants. It would at least have been easy for him to have given his written directions to defendants.

As there is no proof of fraud or an attempt to deceive on the part of defendants, and as the words " fire-proof warehouse " constitute no part of the contract between the parties to this suit, plaintiff cannot recover.

Judgment affirmed with costs of appeal.